**McGuire Gardner P.L.L.C.**
Pernell W. McGuire (SBN: 015909)
Douglas C. Gardner (SBN: 023653)
Jared E. Holland (SBN: 025548)
320 North Leroux Street, Suite A
Flagstaff, Arizona 86001
Telephone: (928) 779-1173
Facsimile: (928) 779-1175
Attorneys for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re<br><br>LISA EVELYN GAGNON,<br><br>Debtor(s).<br><br>SSN: xxx-xx3562<br>9572 West Mary Ann Drive<br>Peoria, Arizona 85382 | Case No. 2:09-bk-27447<br><br>**CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSES**<br><br>☒ Original<br>☐ Amended<br>☐ Modified |

Your rights may be affected by this Plan. **If you object to the treatment of your claim as proposed in this Plan, you must file a written objection by the deadline set forth in a Notice of Date to File Objections to Plan that was served on parties in interest.** If this is a joint case, then "Debtor" means both Debtors. This plan does not allow claims or affect the timeliness of any claim. To receive payment on an unsecured claim, you must file a proof of claim with the Bankruptcy Court, even if this Plan provides for your debt. Except as provided in § 1323(c), a creditor who disagrees with the proposed treatment of its debt in this Plan must timely file an objection to the Plan.

☐ This is an Amended or Modified Plan. The reasons for filing this Amended or Modified Plan are: _____.

(A) **Plan Payments and Property to be Submitted to the Plan.**

   (1) Plan payments start on November 27, 2009. The Debtor shall pay the Trustee as follows:

   $680.00 each month for month 1 through month 60.

1



The proposed plan duration is 60 months. The applicable commitment period is 60 months. Section 1325(b)(4).

(2) Debtor will submit the following property in addition to plan payments: None

(B) **Trustee's Percentage Fee.** Pursuant to 28 U.S.C. § 586(e), the Trustee may collect the percentage fee from all payments and property received.

(C) **Treatment of Administrative Expenses and Claims.** Except as specified for adequate protection payments under (C)(1) or otherwise ordered by the Court, the Trustee will make disbursements to creditors after the Court confirms this Plan. Unless otherwise provided in Section (J), disbursements by the Trustee shall be pro rata by class (except for adequate protection payments) and made in the following order:

(1) **Adequate protection payments.** Pursuant to Local Bankruptcy Rule 2084-6, the Trustee is authorized to make preconfirmation adequate protection payments to the following secured creditors without a Court order, provided the claim is properly listed on Schedule D, the creditor files a secured proof of claim that includes documentation evidencing a perfected security agreement, and the debtor or creditor sends a letter to the trustee requesting payment of preconfirmation adequate protection payments. The Trustee will apply adequate protection payments to the creditor's secured claim. After confirmation, unless the Court orders otherwise, adequate protection payments will continue in the same amount until claims to be paid prior to these claimants are paid in full. **If a creditor disagrees with the amount of the proposed adequate protection payments or the plan fails to provide for such payments, the creditor may file an objection to confirmation of this plan, file a motion pursuant to § 363, or both.**

| Creditor | Property Description | Monthly Amount |
|---|---|---|
| Sun Coast Schools FCU | 2008 Mazda | $162.00 |

☐ See Section (J), Varying Provisions.

(2) **Administrative expenses.** Section 507(a)(2).

(a) Attorney fees. Debtor's attorney received $0.00 before filing. The balance of $2,000.00 or an amount approved by the Court upon application shall be paid by the Trustee. See Section (F) for any fee application.

(b) Other Administrative Expenses. None.

☐ See Section (J), Varying Provisions.

(3) **Leases and Unexpired Executory Contracts.** Pursuant to § 1322(b), the Debtor assumes or rejects the following lease or unexpired executory contract. For a lease or executory contract with an arrearage to cure, the arrearage will be cured in the plan payments with regular monthly payments to be paid direct by the Debtor. The arrearage amount to be adjusted to the amount in the creditor's allowed proof of claim.

(a) Assumed:

| Creditor & Property Description | Estimated Arrearage Amount | Arrearage Through Date |
| --- | --- | --- |
| AT&T Cellular Phone Service | $0.00 | 10/28/2009 |

(b) Rejected:

| Creditor | Property Description |
| --- | --- |
| None | |

(4) **Claims Secured <u>Solely</u> by Security Interest in Real Property.** Unless otherwise stated below, Debtor shall pay post-petition payments directly to the creditor. Prepetition arrearages shall be cured through the Trustee. No interest will be paid on the prepetition arrearage unless otherwise stated. Except as provided in Local Bankruptcy Rule 2084-23 if a creditor gets unconditional stay relief, the actual cure amount to be paid shall be adjusted by the Trustee pursuant to the creditor's **allowed** proof of claim.

| Creditor/Servicing Agent & Property Description | Value of Collateral and Valuation Method | Estimated Arrearage Amount | Arrearage Owed Through |
| --- | --- | --- | --- |
| Charles Schwab Mortgage First Mortgage on Residence | $145,000.00 Debtor's Estimate | $0.00 | 10/28/2009 |
| Charles Schwab Mortgage Second Mortgage on Residence | $145,000.00 Debtor's Estimate | Unknown | 10/28/2009 |

☒ See Section (J), Varying Provisions.

(5) **Claims Secured by Personal Property or a Combination of Real and Personal Property.** Pursuant to § 1325(a), secured creditors listed below shall be paid the amount shown below as the Amount to be Paid As Secured Claim Under Plan, with such amount paid through the Plan payments. However, if the creditor's proof of claim amount is less than the Amount of Secured Claim to Be Paid Under the Plan, then the proof of claim amount will be paid. Any adequate protection payments are as provided in Section (C)(1) above.

| Creditor & Property Description | Debt Amount | Value of Collateral and Valuation Method | Amount to be Paid On Secured Claim | Interest Rate |
|---|---|---|---|---|
| Sun Coast Schools FCU 2008 Mazda | $16,270.00 | $15,000.00 Blue Book | $17,924.48 | 6.40% |

☐ See Section (J), Varying Provisions.

(6) **Priority, Unsecured Claims.** All allowed claims entitled to pro rata priority treatment under § 507 shall be paid in full in the following order:

(a) Unsecured Domestic Support Obligations. The Debtor shall remain current on such obligations that come due after filing the petition. Unpaid obligations before the petition date to be cured in the plan payments.

| Creditor | Estimated Arrearage |
|---|---|
| None | |

(b) Other unsecured priority claims.

| Creditor | Type of Priority Debt | Estimated Amount |
|---|---|---|
| None | | |

☐ See Section (J), Varying Provisions.

(7) **Codebtor Claims.** The following codebtor claim is to be paid per the allowed claim, pro rata before other unsecured, nonpriority claims.

| Creditor | Codebtor Name | Estimated Debt Amount |
|---|---|---|
| None | | |

☐ See Section (J), Varying Provisions.

(8) **Nonpriority, Unsecured Claims.** Allowed unsecured, nonpriority claims shall be paid pro rata the balance of payments under the Plan.

☐ See Section (J), Varying Provisions.

(D) **Lien Retention.** Secured creditors shall retain their liens until payment of the underlying debt determined under nonbankruptcy law or upon discharge, whichever occurs first.

(E) **Surrendered Property.** Debtor surrenders the following property. Upon confirmation of this Plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to the collateral to be surrendered. Any claim filed by such creditor shall receive **no** distribution

until the creditor files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. **Should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor.**

| Claimant | Property to be surrendered |
|---|---|
| None | |

(F) **Attorney Application for Payment of Attorney Fees.** Counsel for the Debtor has received a prepetition retainer of $0.00, to be applied against fees and costs incurred. Fees and costs exceeding the retainer shall be paid from funds held by the Chapter 13 Trustee as an administrative expense. Counsel will be paid as selected in paragraph (1) or (2) below:

☒ (1)(a) **Flat Fee**. Counsel for the Debtor has agreed to a total sum of $3,500.00 to represent the Debtor. Counsel has agreed to perform the following services through confirmation of the plan:

☒ Review of financial documents and information.
☒ Consultation, planning, and advice, including office visits and telephone communications.
☒ Preparation of Petition, Schedules, Statement of Financial Affairs, Master Mailing List.
☒ Preparation and filing of Chapter 13 Plan, Plan Analysis, and any necessary amendments.
☒ Attendance at the § 341 meeting of creditors.
☒ Resolution of creditor objections and Trustee recommendations, and attendance at hearings.
☒ Reviewing and analyzing creditor claims for potential objections, and attendance at hearings.
☐ Responding to motions to dismiss, and attendance at hearings.
☐ Responding to motions for relief from the automatic stay, and attendance at hearings.
☒ Drafting and mailing of any necessary correspondence.
☒ Preparation of proposed order confirming the plan.
☐ Representation in any adversary proceedings.
☒ Representation regarding the prefiling credit briefing and post-filing education course.

(b) **Additional Services.** Counsel for the Debtor has agreed to charge a flat fee for the following additional services provided to the Debtor post-confirmation of the plan:

☐ Preparation and filing of Modified Plan $_____.
☐ Preparation and filing of motion for moratorium $_____.

5

☐ Responding to motion to dismiss, and attendance at hearings $_____.
☐ Defending motion for relief from the automatic stay or adversary proceeding $_____.
☐ Other
_____
_____.

All other additional services will be billed at the rate of $_____ per hour for attorney time and $_____ per hour for paralegal time. Counsel will also file and notice a separate fee application detailing the additional fees and costs requested. Counsel will include all time expended in the case in the separate fee application.

☒ See Section (J), Varying Provisions.

☐ (2) **Hourly Fees.** For hourly fees to be paid as an administrative expense, counsel must file and notice a separate fee application detailing the additional fees and costs requested. The application must include all time expended in the case.

Counsel has agreed to represent the Debtor for all services related to the Chapter 13 bankruptcy to be billed at the rate of $_____ per hour for attorney time and $_____ per hour for paralegal time.

☐ See Section (J), Varying Provisions.

(G) **Vesting.** Vesting of property of the estate. Property of the estate shall vest in the Debtor upon confirmation of the Plan. The following property shall not revest in the Debtor upon confirmation: None.

☐ See Section (J), Varying Provisions.

(H) **Tax Returns**. While the case is pending, the Debtor shall provide to the trustee a copy of any post-petition tax return within thirty days after filing the return with the tax agency. The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the petition date, except: Not applicable.

(I) **Funding Shortfall.** Debtor will cure any funding shortfall before the Plan is deemed completed.

(J) **Varying Provisions.** The Debtor submits the following provisions that vary from the Local Plan Form, Sections (A) through (G):

(1) **Additional Services Performed By Debtors' Counsel:** All other additional services will be billed at the rate of $250.00 per hour for attorney time and $85.00 per hour for paralegal time. Debtor(s) will be required to make a downpayment to Counsel of $500.00 to be applied against attorney's fees incurred. Counsel will also file and notice a separate fee application detailing the additional fees and costs requested. Counsel will include all additional time expended in the case in the separate fee application.

(2) With reference to section C(4) "Claims Secured <u>Solely</u> by Security Interest in Real Property" - <u>Charles Schwab Mortgage has a deed of trust which is a second mortgage against Debtors' residence which this Chapter 13 plan proposes to strip from the residence and render this creditor fully unsecured (including any arrearage amounts owed) upon confirmation of the plan. The value of the Debtors' residence is less than the amount owed to the first lien holder. Thus, under the authority of *In re Zimmer,* 313 F.3d 1220 (9th Cir., 2002), the Debtors propose to strip this lien. Within 30 days of the completion of the plan, Charles Schwab Mortgage shall provide a deed of release and reconveyance of its deed of trust.</u>

(K) **Plan Summary.** If there are discrepancies between the plan and this plan analysis, the provisions of the confirmed plan control.

| | | |
|---|---|---|
| (1) | Administrative Expenses: | $ 2,000.00 |
| (2) | Priority Claims | $ 0.00 |
| (3) | Payments on Leases or to Cure Defaults, Including Interest | $ 0.00 |
| (4) | Payments on Secured Claims, Including Interest | $17,924.48 |
| (5) | Payments on Unsecured, Nonpriority Claims | $16,795.52 |
| (6) | SUBTOTAL | $36,720.00 |
| (7) | Trustee's Compensation (10% of Debtor's Payments) | $ 4,080.00 |
| (8) | Total Plan Payments | $40,800.00 |

**(L) Section 1325 analysis.**

(1) Best Interest of Creditors Test:
    (a) Value of debtor's interest in nonexempt property    $ 1,469.82
    (b) Plus: Value of property recoverable under avoiding powers    $ 0.00
    (c) Less: Estimated Chapter 7 administrative expenses    $ 367.46
    (d) Less: Amount payable to unsecured, priority creditors    $ 0.00
    (e) **Equals:** Estimated amount payable to unsecured, nonpriority claims if debtor filed Chapter 7    $ 1,102.36



Paragraph (2) is to be completed by debtors whose current monthly income exceeds the state's median income.

(2) Section 1325(b) Analysis:
    (a)    Amount from Line 58, Form B22C, Statement of Current Monthly Income     $ 313.15
    (b)    Applicable Commitment Period x 60
    (c)    Section 1325(b) amount ((b)(1) amount times 60)     $18,789.00

(3)    Estimated Payment to Unsecured, Nonpriority Creditors Under The Plan     $16,795.52

Dated this 28th day of October 2009.


*/S/ Lisa Evelyn Gagnon*
Lisa Evelyn Gagnon
Debtor


**MCGUIRE GARDNER, P.L.L.C.**


By: */S/ Douglas C. Gardner*
    Pernell W. McGuire
    Douglas C. Gardner
    Jared E. Holland
    Attorneys for Debtor(s)